# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:12-cr-90 (1)
                                                  Also 1:16-cv-725

                                                  District Judge Susan J. Dlott
-  vs  -                                    Magistrate Judge Michael R. Merz

JOAN HERNANDEZ,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Joan Hernandez's Motion pursuant to 28 U.S.C. § 2255 (ECF No. 91) which has been referred to the undersigned by District Judge Susan Dlott (ECF No. 92). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Procedural History**

The grand jury for this District indicted Joan Hernandez on August 15, 2012, on charges of conspiracy to distribute in excess of 100 grams of heroin (Count One), possession with intent to distribute in excess of 100 grams of heroin (Count Two), and possession of a firearm in furtherance of a drug trafficking offense (Count Seven)(Indictment, ECF No. 1).  On January 7, 2013, Hernandez entered into a written Plea Agreement (ECF No. 49) with the United States in which he agreed to plead guilty to Counts One and Seven.  Having accepted the plea, Judge Dlott referred the case for preparation of a Presentence Investigation Report ("PSR").  Having reviewed the PSR, Judge Dlott sentenced Hernandez to the mandatory minimum sentence for each count, to wit, sixty months on the drug charge and sixty months consecutive on the firearms charge (ECF Nos. 74, 75).

# Analysis

Hernandez seeks the benefit of *Johnson v. United States*, 135 S. Ct. 2551 (2015), where the Supreme Court declared unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act ('ACCA"),

That act, 18 U.S.C. § 924(e),  reads:

> (e)
> (1)
> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than

fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
(2) As used in this subsection—
(A) the term "serious drug offense" means—
(i)
an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
(ii)
an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(i)
has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause]; or
(ii)
is burglary, arson, or extortion, involves use of explosives [enumerated offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]; and
(C)
the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

*Johnson*, made retroactive to cases on collateral review by *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016), has no application to this case whatsoever. Hernandez was not sentenced under the ACCA nor under any other statute that uses language

3

similar to the residual clause for characterizing prior convictions. Instead, his firearms sentence was under 18 U.S.C. § 924(c) which provides for a mandatory minimum consecutive sentence for anyone using a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(2) provides a definition of drug trafficking crime "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Hernandez' conviction in Count One is for conspiracy to distribute heroin in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B)(i), plainly within the definition of "drug trafficking offense." Moreover, Hernandez acknowledged the mandatory minimum sentences he eventually received in the Plea Agreement and, presumably, in the plea colloquy.[1]

**Conclusion**

Because Johnson and Welch have no application to this case, the Magistrate Judge respectfully recommends the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 31, 2016.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

---

[1] Because no appeal was taken, no transcript has been prepared of the plea colloquy.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).